UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-344-KSF

LAURA WHALEN MACKENZIE                                                    PLAINTIFF

v.                                      **OPINION & ORDER**

GGNSC STANFORD, LLC d/b/a/
GOLDEN LIVING CENTER - STANFORD                                          DEFENDANT

* * * * * * * * * *

Currently before the Court is the motion of the plaintiff, Laura Whalen MacKenzie, to remand this action back to Lincoln Circuit Court on the grounds that the amount in controversy is less than $75,000.00 [DE #4]. This motion is fully briefed and is ripe for review.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

MacKenzie filed this civil action alleging discriminatory and unlawful discharge on the basis of a disability or perceived disability, pursuant to KRS Chapter 344, in the Lincoln Circuit Court[1] on July 15, 2013 [DE #1-1]. Her complaint specifically states that "[t]he amount in controversy, exclusive of costs and fees, is more than this Court's jurisdictional minimum, but less than the amount of seventy-five thousand dollars ($75,000.00)." Thereafter, on September 26, 2013, MacKenzie responded to the defendant's discovery requests that she was seeking damages for back pay in an amount not to exceed $80,000, damages for front pay in an amount not to exceed $160,000, damages for emotional distress in the amount of $1,000,000, as well as attorney's fees and punitive damages [DE #1-2].

---

[1]Although MacKenzie's motion and reply reference Jefferson Circuit Court, her complaint was originally filed in Lincoln Circuit Court. She has made no argument or cited any authority that remand should be made to Jefferson Circuit Court.

Upon receipt of these discovery responses and determining that MacKenzie was seeking more than $75,000, the defendant filed its Notice of Removal within the 30-day time period permitted by 28 U.S.C. § 1446(b)(3) [DE #1]. MacKenzie subsequently filed her motion to remand on November 5, 2013 [DE #4]. In support of her motion, MacKenzie offers her Stipulation that she will not seek damages in excess of $75,000, inclusive of punitive damages, attorneys' fees and the fair value of any injunctive relief [DE #4-2]. She has also served supplemental discovery responses in which she states that the total amount of damages she seeks in this matter does not exceed $75,000 [DE #4-3].

In response, the defendant contends that MacKenzie's post-removal stipulation contradicting her prior affirmative representations does not defeat diversity [DE #5].

## II.    ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. at 1332(a). The burden is on the removing party to prove the diversity jurisdiction requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Specifically, the removing party must prove the amount in controversy by a preponderance of the evidence. *Gafforf v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993)(abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010)). The diversity jurisdiction requirements are determined at the time of removal, *Rogers*, 230 F.3d at 871, and ambiguities concerning removal are strictly construed against federal jurisdiction. *Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  Finally, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872.

As the parties meet the diversity of citizenship requirement, the only issue before this Court is whether the amount in controversy exceeded $75,000 at the time of removal.  The Sixth Circuit and this Court have addressed this issue in a varied number of factual circumstances.  However, recent amendments to removal procedures, particularly 28 U.S.C. § 1446(c)(2), are important to this case.

As amended, 28 U.S.C. § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  28 U.S.C. § 1446(c)(2)(A)(ii).  Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in [28 U.S.C. § 1332(a)]."  *Id*. § 1446(c)(2)(B).  This amendment is particularly relevant here because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings.  *See* Ky. R.Civ.P. 8.01(2), 54.03(2).

While MacKenzie's complaint pled that she was seeking less than $75,000, under Kentucky's procedural rules cited above, she is not precluded from recovering more than $75,000.  Additionally, MacKenzie's discovery responses tendered just prior to removal put the amount in controversy clearly above the jurisdictional threshold.  Even considering MacKenzie's post-removal Stipulation and supplemental discovery responses, there is no evidence that the amount in controversy failed to

3

  
meet the threshold requirement for subject matter jurisdiction under 28 U.S.C. § 1332 at the time of removal. Rather, MacKenzie's post-removal decision to "not seek damages in excess of $75,000" appears to be an attempt to defeat this court's jurisdiction. Post-removal stipulations reducing the amount in controversy below $75,000 are generally disfavored because "[i]f the plaintiff were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Rogers*, 230 F.3d at 872.

While courts in this circuit have recognized a caveat to the rule announced in *Rogers*, it is not applicable here. Where a post-removal stipulation states the amount in controversy for the first time, some courts have viewed such stipulations as *clarifications* of the amount in controversy rather than a *reduction* of such. *See Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 777-78 (W.D.Ky. 2002). MacKenzie's post-removal stipulation cannot be considered a clarification because her discovery responses specifically set out the damages sought; thus, her stipulation is a reduction from an earlier specified amount. Accordingly, the defendant has satisfied its burden of showing that the amount in controversy at the time of removal was in excess of $75,000. As a result, MacKenzie's motion to remand will be denied.

## III.   CONCLUSION

The Court, being fully and sufficiently advised, hereby **ORDERS** that MacKenzie's motion to remand [DE #4] is hereby **DENIED.**

This November 26, 2013.



**Signed By:**

*__Karl S. Forester__*  $KSF$

**United States Senior Judge**